# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND

| | |
|---|---|
| TIMOTHY D. CLELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 2:14-CV-266-PPS-PRC |
| v. ) | |
| ) | |
| STATE FARM INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Timothy D. Cleland brought this action against his own automobile insurer, State Farm, for allegedly breaching the underinsured motorist coverage provision of its policy. Cleland's vehicle was struck from behind causing injuries to Cleland. The insurance company of the motorist who struck Cleland's vehicle only covered $100,000 of Cleland's damages resulting from the accident, which wasn't enough to cover Cleland's losses. As a result, Cleland sought additional coverage from State Farm, which refused to pay. State Farm seeks summary judgment on the issue of coverage. It argues that it is not required to pay Cleland's excess damages because State Farm's underinsured motorist coverage provision only applies to damages Cleland is legally entitled to recover from the other driver, which in this case is nothing because the other driver was neither negligent nor in violation of Indiana law. So the central issue is whether the underinsured motorist was negligent and/or in violation in Indiana law. Because I think the evidence presented to me on summary judgment cuts both ways,

creating a contested material issue of fact, I must deny State Farm's motion and leave the issue for a jury to decide.

**Background**

This suit arises out of a motor vehicle accident in which Cleland was a passenger in a car insured by State Farm and which was owned by Indiana Botanical Gardens, Cleland's company. [DE 28-2 at ¶¶3-4.] At the time of the accident, Cleland's car was stopped at a drive-thru at a White Castle restaurant when it was struck in the rear by a 1995 Ford F150 driven by George Wise. [*Id.* at ¶4.] Wise's truck was stopped three feet behind Cleland's vehicle in the drive-thru when it suddenly began moving forward and hit the back of Cleland's car, bounced backwards, and then hit Cleland's car a second time. [DE 30 at 26.]

Wise had an insurance policy issued by Farmers Insurance Group with liability policy limits of $100,000 per person. [*Id.* at ¶8.] Cleland's policy with State Farm provided underinsured motorist coverage up to $2,000,000.00 per person. [DE 28-2 at ¶10.] Cleland alleges the State Farm has breached this provision. This much is undisputed.

Cleland and Wise have different opinions regarding the cause and severity of the collision. Wise testified at his deposition that he had his brakes on when stopped at the drive-thru behind Cleland, but his brakes failed causing his truck to suddenly move forward. Wise testified that he tried pumping the brakes, but that didn't work and he hit the back of Cleland's car, bounced off of it, and then moved forward again and hit it

2

a second time. [DE 30 at 114.] After he struck Cleland's car the second time, Wise put his truck in park. [*Id.*] Wise testified that he never put his foot on the gas. [*Id.* at 118.] He says he had no problem with his brakes before he got to the White Castle and that he was able to drive his truck home, with the brakes working, after the accident. [*Id.*] When asked to describe the two impacts with Cleland's car, Wise testified that the first impact was "[j]ust a bump" and that the second impact was "[t]he same as the first, hardly nothing." [*Id.* at 116.]

Cleland tells an entirely different story. Cleland rated the impact of the first collision as an eight on a scale of one to ten, with one being very insignificant and ten being very hard. [DE 30 at 26.] He testified that the first impact caused his vehicle to lunge forward approximately fifteen to twenty feet. [*Id.*] He testified that the second impact was about a seven or an eight on the scale and that it again moved his vehicle forward fifteen to twenty feet. [*Id.* at 27.]

As far as the state of Wise's truck at the time of the accident, Wise testified that he took his truck in for service "[w]henever it needed something" and had his brakes checked "[o]nly when they were worked on." [DE 30 at 120.] Wise's truck was a 1995 F150 that he bought used a few years before the accident. [*Id.* at 112-113.] He testified that he had the brakes worked on at some point before the accident for regular wear and tear, but that was probably a couple of years before the accident. [*Id.* at 113, 120.] When asked what kinds of problems he had with the brakes that previously required service, Wise said "[p]robably just discs repaired or replaced, the pads" and couldn't

3

identify any other work that would have been done on his brakes. [*Id.*] After the accident, Wise had his truck towed from his home to a repair shop in Hammond, Indiana where Wise's master cylinder was repaired. [*Id.* at 115-116.] Wise testified that he had never had his master cylinder fail before. [*Id.* at 113.]

Cleland tells me that as a result of the accident, he has incurred significant medical expenses that exceed the coverage of Wise's policy. [DE 5 at ¶6.] Cleland sought payment for the excess medical expenses from State Farm under the underinsured motorist coverage provision of his policy but alleges that State Farm has failed to pay the amount he requested in breach of that provision. [DE 12 at ¶6.] Cleland sued State Farm in state court for breach of contract seeking damages to compensate him for his pain, suffering, emotional distress, impairments, temporary and permanent disability, medical expenses, and other damages that he is entitled to recover by reason of the accident including the aggravation of his prior existing medical conditions and punitive damages. [DE 5.] State Farm timely removed the action to this Court. [DE 1.] Though discovery still is ongoing, State Farm moved for summary judgment on the issue of coverage under its underinsured motorist coverage provision. [DE 27.]

**Analysis**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute about a material fact exists only "if the

evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A nonmoving party like Cleland is not entitled to the benefit of "inferences that are supported by only speculation or conjecture." *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (citations and quotations omitted).

The issue is whether Wise was negligent or in violation of Indiana law, which resulted in his car colliding with Cleland's car. In other words, the underinsured policy only kicks in if Wise is liable to Cleland. It is unlawful to operate a motor vehicle in Indiana with an inadequate braking system. I.C. § 9-19-3-1. One who violates this safety provision faces a rebuttable presumption of negligence. *Davison v. Williams*, 242 N.E.2d 101, 104 (Ind. 1968). Based on the evidence before me, there are too many questions of fact to decide the issue on summary judgment. The briefing and evidence relied upon simply raise too many questions regarding the cause of the accident from which Cleland's alleged injuries resulted.

First, it is disputed whether Wise's brakes failed immediately before the accident. Wise claims that they did, but he also testified that he didn't experience any issues before the accident or immediately after when he safely drove home in his truck without incident. Second, it is disputed whether the alleged failure of Wise's brakes was unforeseeable. Wise's testimony regarding the maintenance of his truck is opaque. His truck was approximately 17 years old at the time of the accident. He testified that he bought it used a few years before the accident and that he only had the brakes check

when they were being worked on for something else. But he was unable to identify definitively the types of service and repairs he had done to his truck or when the service was completed except that he had his brakes worked on for regular wear and tear a couple of years before the accident. All of this raises a question of fact about the state of Wise's truck at the time of the accident and whether Wise was keeping the truck in good working order in compliance with Indiana law. Third, Cleland and Wise's account of the severity of the accident differ greatly. Cleland testified that his car was jolted forward at least thirty feet by the two impacts with Wise's truck, while Wise testified that it was merely a bump, which further raises questions of fact regarding what exactly could have and did cause the accident.

State Farm argues that Cleland is attempting to manufacture a question of fact through self-serving testimony, DE 36 at 8, which is not sufficient to defeat a motion for summary judgment. State Farm is flat wrong in this regard. Many years ago the Seventh Circuit put to rest the old saw that self-serving testimony cannot be used to beat summary judgment. So long as testimony is based on personal knowledge, the fact that it is labeled "self-serving" is neither here nor there. *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003). "'Self-serving' deposition testimony *may* satisfy a party's evidentiary burden on summary judgment." *Whitlock v. Brown*, 596 F.3d 406, 411 (7th Cir. 2010) (emphasis in original). Cleland's testimony regarding what he experienced and observed at the time of the accident is precisely the type of "self serving" testimony that may be considered in these circumstances. *Id.* In addition, as I already noted, the

6

factual disputes that I have identified are not created by speculative testimony from Cleland regarding the cause of the accident, but rather both Cleland and Wise's testimony regarding their experiences during the accident as well as Wise's testimony regarding the state and service history of his truck.

Because of these genuine disputes about material facts, I must deny State Farm's motion for summary judgment. As a final matter, I want to acknowledge the several motions pending that are related to the parties' summary judgment briefing asking me to either strike certain evidence or allow the parties to supplement their designation of evidence. [*See* DE 32, 35, 37.] Because I did not rely on any of the evidence at issue in these motions, they will be denied as moot. I will note, however, that even if I had considered this evidence—specifically, the repair shop receipt that shows that there was a problem with Wise's truck's master cylinder—it raises more questions than it answers. Even if the master cylinder was shot, when did it go bad? Should Wise have been aware of problem with the master cylinder prior to the accident? Did Wise only go to the repair shop once the problem led to an accident? And what about Cleland's expert who says that if the master cylinder went out, the action of the brake pedal would have been nothing like it was described by Wise in his deposition? In short, there is an abundance of questions that a jury needs to sort out even if I were to consider the opinions contained in the disputed repair shop receipt, the admissibility of which is better addressed in a properly presented pretrial motion under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702.

## Conclusion

For the aforementioned reasons, the Court **DENIES** Defendant State Farm's Motion for Summary Judgment, DE 27, and **DENIES AS MOOT** Plaintiff's Motion to Strike, DE 32, Defendant's Motion for Leave to File Supplemental Designation of Evidence in Support of Motion for Summary Judgment, DE 35, and Plaintiff's Motion to Supplement Its Response Opposing Defendant's Motion for Summary Judgment, DE 37.

**SO ORDERED.**

ENTERED: April 11, 2017.

      s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**